IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN WATKINS, )
)
    Plaintiff, )
)
v. ) Case No. CIV-15-651-HE
)
JASON BRYANT, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed because it fails to state any plausible claims upon which § 1983 relief may be granted.

**I.**    **Case Background / Procedural History**

Plaintiff filed his Complaint on June 15, 2015. On August 11, 2015, Plaintiff moved for leave to amend his complaint. The Court granted his request, but did so recognizing that due to the procedural posture of the case, leave to amend was not required. *See* Order [Doc. No. 19]. The Court further advised Plaintiff that he could not "file pleadings piecemeal" and that he was required to submit "one document for the Court's review." *See id.* Accordingly, the Court directed Plaintiff to file an amended complaint "that incorporates all of his present allegations and claims against Defendants" by October 1, 2015. *Id.*

Thereafter, on September 22, 2015, Plaintiff filed a "Motion to Dismiss" [Doc. No. 22] and requested permission to dismiss Count 1 of the Complaint alleging a "conspiracy to violate state and federal law by state officials acting under color of state law." *See id.* On October 8, 2015, the Court entered an Order [Doc. No. 23], and advised Plaintiff that the Motion did not amend the Complaint and sua sponte gave Plaintiff additional time, until October 22, 2015, within which to amend the Complaint. *See id.*[1] The Court further advised Plaintiff that if he did not timely submit an amended complaint on the appropriate form, the Court would proceed to "base its determination regarding whether Plaintiff's claims are subject to dismissal under 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c) on his Complaint [Doc. No. 1] as it currently stands." *Id.*

On October 22, 2015, the Court entered another Order [Doc. No. 24], sua sponte granting Plaintiff additional time until November 12, 2015, within which to file an amended complaint. In response, Plaintiff submitted a letter [Doc. No. 25]. On November 4, 2015, the Court entered an Order [Doc. No. 26] striking the letter and sua sponte extended Plaintiff's time within which to file an amended complaint until November 25, 2015. The Court again reminded Plaintiff that he must submit an amended complaint on the proper form, and that Plaintiff's failure to do so would result in the Court limiting its review of Plaintiff's claims as raised in the Complaint.

On November 16, 2015, Plaintiff filed a "Motion to Amend Complaint and Cause of Action To (Doc. No. 17) Arguments, Exhibits [sic] and Factual Summaries Including Current

---

[1] Because Fed. R. Civ. P. 41(a)(1) governs the dismissal of an action, rather than particular claims, the Court does not construe Plaintiff's motion as effecting a voluntary dismissal of the claim raised in Count 1 of the Complaint. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) ("[Rule 41(a)(1)] speaks to dismissal of an action, not just a claim within an action. Gobbo offers not authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action."). Here, the end result is the same, as the Court recommends dismissal of the claim raised in Count 1 for failure to state a claim upon which relief may be granted.

Defendants From [Doc. No. 1] and Jurisdictions" [Doc. No. 27]. The Court recommends that this Motion be stricken for failure to comply with the Court's prior orders directing Plaintiff not to file pleadings piecemeal, but to file an amended complaint on the appropriate complaint form and present his claims in a single pleading. Plaintiff has been repeatedly cautioned that his failure to comply with the Court's orders would result in the Court relying solely on the Complaint to determine the sufficiency of the allegations presented and to conduct the required screening of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court, therefore, proceeds to address the sufficiency of the allegations as to the claims raised in the Complaint.

## II.    Plaintiff's Claims

Plaintiff brings five claims for relief. In Count 1, Plaintiff alleges conspiracy to violate state and federal law by state officials acting under color of state law. In Count 2, Plaintiff alleges retaliation and conspiracy by state officials to violate his First Amendment rights to petition the government for redress. In Count 3, Plaintiff claims "infringement upon a protected liberty interest" in violation of his due process rights. Plaintiff alleges the challenged conduct has affected the "duration of prison time to be served." Plaintiff next alleges in Count 4 that his due process rights under the Fifth and Fourteenth Amendments have been violated and makes reference to the prison's "disciplinary process." Finally, in Count 5, Plaintiff alleges a violation of his Eighth Amendment rights and claims the "condition[s] of confinement" have resulted in a "substantial risk of harm."

As relief, Plaintiff seeks damages and an injunction. He names as Defendants, Warden Jason Bryant, Case Manager Terry Hunter, Correctional Officer Salvatorie, Program

Administrator Patsy Whitmore and John Doe, Accreditation Commissioner of the American Correctional Association (ACA).[2]

## III. Standard Governing Screening of Plaintiff's Complaint

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity and must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. *See id*., § 1915A(b)(1).

The court's review of a complaint under § 1915(e)(2)(B)(ii) and § 1915A(b)(1) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Plaintiff's claims against Defendants Hunter, Salvatorie and Whitmore appear to arise out of his former incarceration at facilities located within the jurisdictional confines of the Eastern District of Oklahoma. His allegations indicate these Defendants reside in Pittsburg and Atoka Counties. *See* 28 U.S.C. § 116(b). But Plaintiff also appears to bring claims arising out of his present incarceration at the James Crabtree Correctional Center (JCCC), located in Alfalfa County, within the jurisdictional confines of the Western District of Oklahoma. *See id*., § 116(c). As noted, Plaintiff names the warden of JCCC, Jason Bryant, as a defendant. Therefore, venue over Plaintiff's claims is proper in this judicial district. *See* 28 U.S.C. § 1391(b)(1).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

IV. <u>Analysis</u>

  A. **Conspiracy – Count 1**

In Count 1 of the Complaint, Plaintiff alleges that "state officials" have conspired to violate state and federal law. Plaintiff does not identify who the "state officials" are, nor does he identify any named Defendants as having engaged in the alleged conspiracy. Indeed, Plaintiff does not even identify what specific conduct has given rise to the alleged conspiracy, but rather relies generally on allegations regarding the prison grievance system and the conditions of his confinement.[3] *See, e.g., Georgacarakos v. Nalley*, 356 F. App'x 210, 211-212 (10th Cir. 2009) (affirming district court's dismissal of § 1983 plaintiff's "completely cursory" allegations of "amorphous conspiracy" to violate his constitutional rights which failed to identify "any specific action on the part of the defendants"); *see also Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (citation omitted). Nor does Plaintiff allege any specific facts showing an

---

[3] Plaintiff also makes conclusory references to "prison officials efforts to detur this complaint" by: (1) provoking inmate attacks; (2) breaching "confidential field files"; (3) labeling a prisoner a snitch; and (4) "diesal therapy or transit, black box punishment." *See* Compl. at ECF p. 6. But these allegations, too, are vague and conclusory and fail to identify any Defendants as responsible for this conduct.

agreement and concerted action amongst any Defendants. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) ("[W]hile . . . allegations of a conspiracy may form the basis of a § 1983 claim, . . . a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." (citation and internal quotations omitted)). The claim raised in Count 1 of the Complaint, therefore, should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

B. **First Amendment Right to Petition the Government for Redress – Count 2**

Plaintiff's second claim for relief is similarly conclusory and fails to allege facts tying the conduct of any particular defendant to the claims raised. *See Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted); *see also Gallagher v. Shelton*, 58 7 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted); *Hall*, 935 F.2d at 1110 (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). Plaintiff alleges that prison officials refuse to answer grievances or reject grievances for purposes of thwarting the administrative process. But his claims are wholly conclusory and lack any specific factual context.

Moreover, Plaintiff's claim premised on the right to petition the government for redress fails to allege facts demonstrating a denial of access to the courts, and any refusal by prison officials to address prison grievances does not rise to the level of a constitutional violation. *See,*

*e.g., Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") (citation omitted). For these reasons, the claim raised in Count 2 of the Complaint should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### C. Protected Liberty Interest Affecting Duration of Confinement – Count 3

As his third claim for relief, Plaintiff claims prison officials have violated a protected liberty interest which has inevitably affected the duration of his confinement. As with his other claims, he sets forth no supporting facts. However, elsewhere in the Complaint Plaintiff alleges that he was wrongfully terminated from a "CATCH" program at the prison. He further claims he was denied any explanation as to why he was terminated from the program.

Plaintiff has no protected liberty interest in participation in a prison program. *See Washington v. Borejon*, 324 F. App'x 741, 741 (10th Cir. 2009) ("The ability to participate in a rehabilitative prison program clearly does not implicate life or property interests."); *see also Vann v. Oklahoma State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001) ("Generally speaking, denial of access to a prison program does not constitute an atypical, significant deprivation sufficient to establish a liberty interest) (citations omitted)). This claim, therefore necessarily fails to state a violation of his constitutional rights.

Moreover, to the extent Plaintiff is challenging the duration of his confinement, he must pursue such a claim in an action seeking habeas corpus relief. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so

through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action."). Accordingly, it is recommended that the claim raised in Count 3 of the Complaint be dismissed for failure to state a claim upon which § 1983 relief may be granted.[4]

### D. Due Process Violations / Disciplinary Process – Count 4

Plaintiff claims in Count 4 of the Complaint that his Fifth and Fourteenth Amendment due process rights have been violated. He alleges he has a "right to be informed" about the "disciplinary process." But his claim lacks any factual context and fails to identify any responsible defendant. Accordingly, the conclusory nature of this claim requires that it be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### E. Eighth Amendment Claim / Conditions of Confinement – Count 5

As his final claim for relief, Plaintiff challenges the conditions of his confinement as violating his Eighth Amendment right to be free from cruel and unusual punishment. Although the claim itself lacks any factual support, elsewhere in the Complaint, Plaintiff identifies a litany of conditions which serve as the basis for his claim. Plaintiff alleges that he is subjected to: (1) extreme overcrowding; (2) exposure to communicable diseases; (3) chronic exposure to soot due to an under-enforced smoking policy; (4) reckless exposure to prison attacks due to a lack of cameras; (5) exposure to HIV virus and inmates threatening to infect him with the virus; (6) triple-celling of inmates; (7) health hazards resulting from "burning of bible paper and tissue as

---

[4] Plaintiff has been denied habeas relief in a previously filed action brought pursuant to 28 U.S.C. § 2241 raising a similar claim. *See Watkins v. Allbaugh*, No. CIV-16-128-D, 2016 WL 2642230 at *2 (W.D. Okla. May 9, 2016) (unpublished op.) (concluding that "Petitioner has failed to present sufficient facts to support the contention that his dismissal from the substance abuse program at issue affected either the fact or duration of his incarceration."). The Magistrate Judge's Report and Recommendation entered in that case contains a thorough description of Plaintiff's sentence being served, the CATCH program and Plaintiff's alleged termination from that program. *See* Case No. CIV-16-128-D, R.&R. [Doc. No. 9] (March 24, 2016).

lighting and smoking accessories"; (8) burning of "bath salts, pcp, K-2 and tobacco products" without proper ventilation; and (9) exposure to hazardous pollutants including water pollution.

Plaintiff does not identify where these conditions exist; when he has been subjected to such risks; who is responsible for the conditions about which he complains; or what injuries he has suffered as a result. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (the allegations of the plaintiff's complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated") *see also Bridges v. Lane*, 351 F. App'x 284, 287 (10th Cir. 2009) (affirming dismissal of § 1983 claims where plaintiff "failed to isolate the allegedly unconstitutional acts of each defendant and thus failed to provide adequate notice of the charges against them") (internal quotations omitted) (*citing Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

As noted, Plaintiff sues Defendants residing in Alfalfa, Atoka and Pittsburg Counties, and presumably, therefore, the alleged conditions about which he complains exist at more than one facility. But Plaintiff's allegations fail to distinguish among facilities or explain what conditions exist where. Moreover, Plaintiff fails to identify any particular harm he has suffered as a result of these conditions. *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993) (It is well-established that to bring a claim challenging prison conditions, a prisoner must state "facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicating how the conditions caused him injury.").

Furthermore, to establish a prison official's liability for inhumane conditions of confinement, both an objective and subjective component must be satisfied. The deprivation alleged must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("the

9

inmate must show that he [was] incarcerated under conditions posing a substantial risk of serious harm"). And, the prison official must have acted with a "sufficiently culpable state of mind," i.e., the official must have acted with deliberate indifference to a substantial risk of serious harm to the prisoner. *Id*.

While the conditions about which Plaintiff complains are harsh, Plaintiff does not identify any sufficiently serious harm suffered and, therefore, his allegations do not rise to the level of a constitutional violation. *Compare Lewis v. McKinley County Commrs.*, 425 F. App'x 723, 727 (10th Cir. 2011) (allegations of complaint that prisoner's "cell lacked daylight and adequate toilet privacy, that it was filthy and had to be sprayed regularly for bacteria, that the shower drain was clogged, that she was allowed exercise only one or two times per week, and that the food was unappetizing [and that] "[a]t one meal she was 'almost certain' there was a maggot in the rice . . . ." failed to sufficiently show a deprivation of "the minimal civilized measure of life's necessities"). And even if the conditions as alleged are sufficiently serious, Plaintiff does not identify any defendant responsible for the actions about which he complains or allege facts demonstrating any defendant acted with deliberate indifference. *See Gallagher,* supra, 587 F.3d at 1069; *see also Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). "In the absence of specific allegations against one or more named defendants, [Plaintiff] cannot maintain a claim with respect to the conditions at [his place of confinement]." *Brewer v. Gilroy*, 625 F. App'x 827, 835 (10th Cir. 2015) (concluding that "[t]he district court correctly dismissed Mr. Brewer's claims, despite his detailed factual allegations, because he failed to allege that any named defendant personally participated in the alleged deprivation."). Accordingly, Plaintiff's Eighth

Amendment claim should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### F. Plaintiff Fails to Demonstrate Defendant John Doe, ACA Accreditation Commissioner, is a State Actor

In addition to failing to state any claims upon which § 1983 relief may be granted for the reasons set forth, Plaintiff has not alleged any facts to demonstrate that Defendant John Doe, ACA Accreditation Commissioner, is a state actor for purposes of § 1983. *See Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." (alteration in original, internal quotation marks omitted); *see also David v. City & Cty. of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.").

The Complaint contains no allegations to show that the actions of this defendant are "fairly attributable to the state." *See Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) ("[A] § 1983 claim . . . based on the conduct of a private individual" is appropriate only if that conduct is "fairly attributable to the state.") (quotation marks omitted). Instead, Plaintiff sets forth only legal conclusions by alleging that "ACA is a[n] acting participant in a joint activity with State according to the Department of Justice Standards for adult correctional institution . . . ." *See* Compl. at ECF p. 10. But these legal conclusions are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Because state action is a necessary element of a § 1983 claim, Plaintiff's allegations are insufficient to state a plausible claim for relief against Defendant John Doe, ACA Accreditation Commissioner.[5]

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed for failure to state a claim upon which § 1983 relief may be granted. It is further recommended that Plaintiff's Motion to Dismiss [Doc. No. 22] be denied[6] and Plaintiff's Motion to Amend [Doc. No. 27] be stricken for failure to comply with the Court's prior orders or, alternatively, be denied as moot. Finally, it is recommended that the dismissal of Plaintiff's Complaint count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 29, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[5] Several courts have found that ACA is not a state actor for purposes of § 1983 liability. *See, e.g., Taylor v. Anderson*, No. A-13-CV-464-LY, 2014 WL 547032 at **9-10 (W.D. Tex. Feb. 10, 2014) (unpublished op.) (concluding that ACA is "not a state actor" and that the plaintiff failed to "allege sufficient facts to show that ACA acted 'under the color of state law' or that its actions can be 'fairly attributable to the state.'").

[6] The Court's prior Order [Doc. No. 23] implicitly, though not expressly, denied this Motion. Moreover, for the reasons set forth above, to the extent Plaintiff sought to dismiss his conspiracy claim, the dismissal is not permitted under Rule 41(a)(1). *See* supra, n. 1.

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the Chief District Judge in this matter.

ENTERED this 8th day of August, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE